JOHN OVERTON,     )
      v.           )      CHANCERY.
NICHOLAS TRAMMELL.   )

2

3

WHITESIDE, for the complainant,

GRUNDY and HAYWOOD, for the defendant, ▬▬

**COOKE, J., delivered the following opinion of the Court:

The complainant claims relief upon the grounds: 1st, that he is entitled to a conveyance of one-half of the land, by virtue of the agreement between himself and Askey and Maulding; 2nd, if he cannot have a conveyance under that agreement, that inasmuch as he located the six

**"In consequence of the Honorable John Overton being a party, the reporter was especially commissioned by the Governor to try this cause in conjunction with Judge White."

hundred forty acres granted to the defendant Trammel, and paid all the expenses incident to making the entry and procuring the grant, he is entitled to one third of the land for his services.

To the first point, it is answered by the counsel for Trammel, that Overton is not entitled to any part of the land under the written contract; because, a the time it was made, Trammel was an infant and no party to the agreement, and that it was made by persons not authorized to bind him. And it is contended that although there are some instances where a contract made for the benefit of an infant, may bind him when he comes of age, yet this is not of that character, because it concerns his estate of inheritance.

Upon the second point, it is urged that Overton cannot be entitled to any compensation for locating the land, and getting the grant, because, if the written agreement is laid aside, he must be considered as a mere volunteer, and not entitled to any compensation. 1 T. R. 20; 8 T. R. 310, 613; 1 Cooke's Rep. 298.

We do not think that it is necessary for us to decide, as a general proposition, how far persons standing in the relation of father or guardian, may have the power to make a contract for the benefit of the infant, and binding upon him, touching his inheritance, where he signifies his dissent so soon as he comes of age; because, we are of opinion that this cause can be settled without deciding that question. Here, the defendant Trammell, being an infant, had an entry of 640 acres of land. Unless the matter was sought into by some person, and properly attended to, the whole claim would have been inevitably lost. In this situation, the uncle of Trammel, together with the husband of his mother, contracted with

Overton to examine the claim, and to do what was necessary to save the rights of the infant from being destroyed; and the compensation which he was to receive for this service, is certainly not unreasonable. Overton has substantially complied with his part of the agreement, and has procured a grant to be issued to Trammell, after he became of age. To all this, Trammell, since his nonage has expired has expressed no disapprobation, except by attempting to prevent Overton from being compensated. It is admitted the infant is bound, if, after he comes of full age, he ratifies the contract. Now, we consider, that inasmuch as Trammell claims the land by virtue of the grant procured at the instance of Overton, and seeks to avail himself of that part of the agreement making in his favor, he ought not to be permitted to set aside that part of it which was for the benefit of Overton. In short, the act of Trammell, in receiving the grant and occupying the land under it, ought to be considered as an acquiescence in the original agreement. 1 Atk. 489.

*(1)* Upon the whole, we are of opinion, that where a contract is made, evidently for the benefit of an infant, by his parent or guardian, of which, after he comes of age, he enjoys the advantage, he ought to be compelled to execute it. 2 Vern. 480; 2 Eq. Ca. 101; 3 Atk. 607; 1 Fon. 68; 2 Vern. 232; 560 Newl. Con. 2; 6 Amb. 417; 2 Com. Dig. 538, tit. chj. (?); 3 R. 3; Sugd. 352-355; 2 Vern. 224; 1 Vern. 132; Gilb. Eq. 14, Sec. 13. And at present we do not believe that the question is at all altered by alleging that it affects the inheritance of real property. But if we are mistaken in this, still the difficulty may be surmounted. This contract was not to take away an inheritance, but to secure one to the infant; as,

7

without the inheritance of some person, there would have been nothing to inherit. The case if therefore different from one where by the contract the infant is to lose a part of what he had already inherited.

(2) It is not necessary to say anything upon the second point. It is true one man cannot make another a debtor against his will, but in all cases where money is paid, or services performed, we would presume it to have been done upon a contract, unless the contrary is expressly shown.